THE STATE, DEFENDANT IN ERROR, v. GEORGE LAPP, PLAINTIFF IN ERROR.

Submitted December 6, 1912—Decided March 7, 1913.

Under section 27 of the Jury act (*Comp. Stat.,* p. 2975), the names of all the jurors to be drawn out of the box and subjected to peremptory challenge must be in the box when the drawing of the jury begins; a jury composed in part of jurors whose names were put into the box after the jury was partly selected and were drawn out of the box after the defendant's challenges were exhausted is not a legally drawn jury.

On error to the Passaic Sessions.

The plaintiff in error was indicted for grand larceny. He was tried on this indictment and the jury disagreed and was discharged. Afterwards, during the same term, he was again placed upon trial, and the jurors who had sat upon the first trial were excused by the court from sitting on the second trial. The trial jury was then drawn and those jurors not challenged took their seats. When all the names had been drawn out of the box the court ordered the sheriff to call in talesmen, and a talesman so called in took his seat. The sheriff then informed the court that the names of some of the regular panel had not been in the box at all during the drawing of the jury. The court ordered these names to be put in the box and the drawing of names out of the box to proceed. When the first name was drawn out of the box an exception was prayed and allowed to the defendant. The talesman who had been called and had taken his seat was at this juncture ordered off the jury and a juror whose name was drawn out of the box was substituted over the objection of the defendant, who took his exception upon the ground (*inter alia*) that his challenges had been exhausted.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and BERGEN.

For the plaintiff in error, *Peter & John Bentley*.

For the defendant in error, *Michael Dunn*, prosecutor of the pleas.

The opinion of the court was delivered by

GARRISON, J. There was no error in denying the motion for a continuance or in the exclusion of the jurors who had sat upon the jury that had disagreed. These were discretionary matters.

The manner in which the trial jury was drawn was not, however, a discretionary but a statutory manner, and the

statute was not complied with in letter or in spirit. The twenty-seventh section of the Jury act (*Comp. Stat., p.* 2975) provides that the name of each person who shall be summoned and returned as petit jurors shall be put in the box, and whenever for the trial of a cause, civil or criminal, a jury shall be required the sheriff shall draw such names from said box, one at a time, until twelve persons not challenged or excused shall be obtained.

The right of challenge which is thus, in a measure, dependent upon the order in which the names are drawn from the box, may be radically affected if additional names can be put into the box after the drawing of the jury has begun and is practically taken away if such names are put in the box after the defendant's challenges are exhausted.

The statutory provision for the drawing and challenging of the jury was clearly violated, and a more manifest injury to the defendant cannot well be imagined.

It is no answer to say that the law was not violated with any wrongful intent or any design to wrong the defendant; a law once violated will soon be laid hold of by designing men with a wrongful intent. While the rights of the defendant are primarily considered in deciding whether the law has been violated, the prime importance of the decision is that the inviolability of the law is maintained.

Nor is it any answer to say that the jury was composed of duly qualified jurors; it may well be that no one has a right to say by what particular jurors he shall be tried, but he has a right, within his statutory privilege, to say by what particular jurors he shall not be tried, and this right is taken from him if after he has exhausted his challenges new names are for the first time put in and drawn out of the box.

This fundamental error, which is adequately presented by assignments based upon exceptions taken at the trial, vitiates the judgment now before us.

The judgment of the Passaic Sessions is reversed and a *venire de novo* awarded.